**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**SERVANT HEALTH LLC,**

    *Plaintiff*,

**v.**                                                                                          **Case No. 5:25-CV-00745-JKP**

**ERIC MCWILLIAMS, INDIVIDUAL-**
**LY; AND MCWILLIAMS COLLEC-**
**TIVE LLC,**

    *Defendants*.

**O R D E R**

Before the Court is Plaintiff Servant Health LLC's ("Servant") Motion for Default Judgment Against Defendants Eric McWilliams ("McWilliams") and McWilliams Collective LLC ("McWilliams LLC"). *ECF No. 13*. For the following reasons, Servant's Motion, (*ECF No. 13*), is **DENIED** as to McWilliams and **DENIED WITHOUT PREJUDICE** as to McWilliams LLC.

Rule 55 of the Federal Rules of Civil Procedure authorizes the Court to enter a default judgment against a defendant who has failed to plead or otherwise defend upon motion of the plaintiff. Fed. R. Civ. P. 55(b). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Savs. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). In addition, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, the district court "has the discretion to decline to enter a default judgment." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Though Servant may possibly be entitled to a default judgment, it would nevertheless be improper to enter judgment against Defendant McWilliams LLC at this time because there is another defendant, Defendant McWilliams, that filed an Answer, (*see ECF No. 21*), and Servant is requesting the defendants be held jointly and severally liable—at least as to some of its asserted causes of action. *See ECF No. 8 at 3* ("Plaintiff sued **Defendants** for breach of contract, fraudulent inducement, and Negligent Misrepresentation.") (emphasis added).

Since the Supreme Court decided *Frow v. De La Vega*, 82 U.S. 552 (1872), the established rule regarding default judgments has been "that when defendants are sued as jointly liable, and less than all default, the court may not enter default judgment against the defaulted defendants until the liability of the non-defaulted defendants has been decided." *Levitation Arts, Inc. v. Fascinations Toys & Gifts, Inc.*, 2009 WL 10669490, at *3 (W.D. Tex. May 28, 2009) (quoting *McMillian/McMillian, Inc. v. Monticello Ins. Co.*, 116 F.3d 319, 321 (8th Cir. 1997)). If the court did otherwise, it might enter judgment for the plaintiff against the defaulting defendant, only to later enter judgment *against* the plaintiff on the same claim against the other defendant. To avoid this problem, "when there are multiple defendants only one of whom is in default, the Court will withhold even granting default judgment until a decision on the merits has been reached as to the remaining defendants." *Nasufi*, 2017 WL 6497762, at *3.[1]

Because there is another defendant in this case who has answered—McWilliams—and because the claims against the defendants are seeking joint and several liability, it would be improper to enter a default judgment against Defendant McWilliams LLC now. Because Servant obtained a Clerk's Entry of Default as to the defaulting party, McWilliams LLC, it is thus pro-

---

[1] *See also Wieck v. Synrg. Royce LLC*, No. A-17-CV-599 LY, 2018 WL 620048 (W.D. Tex. Jan. 30, 2018), *R. & R. adopted*, No. A-17-CV-599-LY, 2018 WL 4732083 (W.D. Tex. Aug. 17, 2018); *Metropcs v. PC-Wiz Corp.*, 2017 WL 131696, at *6 (N.D. Tex. Jan. 13, 2017); *Martinez v. Brownsville Doctors Hosp., LLC*, 2013 WL 12174046, at *2 (S.D. Tex. Aug. 29, 2013); *Gen. Elec. Capital Corp v. Arnoult*, 2002 WL 32856, at *2 (E.D. La. Jan. 9, 2002); *Raleigh Cycle Co. of Am. v. Risha*, 1987 WL 11889, at *1 (S.D. Tex. May 27, 1987).

tected with regard to having to proceed any further as to Defendant McWilliams LLC. Before a joint and several judgment may be entered against it, however, Servant must first obtain a judgment against the answering defendant, McWilliams.

Accordingly, it is **ORDERED** Servant's Motion, (*ECF No. 13*), is **DENIED** as to McWilliams and **DENIED WITHOUT PREJUDICE** as to McWilliams LLC.

**The Clerk of Court is DIRECTED to mail, via certified mail with return receipt requested, a copy of this Order to:**

1) McWilliams Collective, LLC c/o Eric McWilliams, 176 Midway Park Drive, St. Augustine, FL 32084; and

2) Eric McWilliams, 176 Midway Park Drive, St. Augustine, FL 32084

**The Clerk of Court is FURTHER DIRECTED to email a copy of this Order to:**

1) Eric.mcwilliams@mcwilliamscollective.co

It is so ORDERED.
SIGNED this 20th day of February, 2026.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE

3