**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**SERVANT HEALTH LLC,**

***Plaintiff*,**

**v.** **CASE NO. 5:25-CV-00745-JKP**

**ERIC MCWILLIAMS,**
**INDIVIDUALLY; AND**
**MCWILLIAMS COLLECTIVE LLC,**

***Defendants*.**

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Servant Health LLC's ("Servant Health") Motion for Partial Summary Judgment against Defendant Eric McWilliams ("McWilliams"), (*ECF No. 46*), filed June 10, 2026. On September 15, 2026, McWilliams filed a Response to the Motion, (*ECF No. 56*), and a Motion to Withdraw or Amend Deemed Admissions, (*ECF No. 57*). On October 5, 2026, Servant Health filed a Response, (*ECF No. 60*), to McWilliams' Motion to Withdraw or Amend Deemed Admissions. After careful consideration, the Court will deny McWilliams' Motion to Withdraw or Amend Deemed Admissions, (*ECF No. 57*), and will deny Servant Health's Motion for Partial Summary Judgment against Defendant McWilliams, (*ECF No. 46*).

## FACTUAL BACKGROUND

This case concerns McWilliams Collective LLC's ("McWilliams LLC") alleged failure to pay in full $1,222,187.54 to Servant Health LLC ("Servant Health") as part of a Settlement Agreement. *ECF No. 1* at 2; *ECF No. 1-1* (Signed Settlement Agreement).

Per Servant Health's Complaint, (*ECF No. 1*), Servant Health and McWilliams LLC were parties to a lawsuit in the United States District Court for the Middle District of Florida under Cause Number 3:22-CV-00210 related to McWilliams LLC's failure to pay Servant Health its agreed upon commission. *Id*. at 2. On or about April 28, 2025, the parties settled their dispute and executed a Settlement and Release Agreement, (*ECF No. 1-1*), which was based upon a variety of representations made by Defendant Eric McWilliams ("McWilliams").

McWilliams "represented that he simply had to move some funds around and, in exchange for a reduction in the entire value of the claim from [$1,222,187.54 to $700,000.00 total] by [Servant Health], [he] would pay [Servant Health] a $50,000 down payment within 45 [forty-five] days of the effective date, or by June 12, 2025." *ECF No. 1* at 2. The down payment was McWilliams LLC's first financial obligation, and such obligation was to be followed by monthly payments beginning on July 1, 2025. *Id*. at 3. Per Servant Health, "McWilliams failed to make the down payment by June 12, 2025." *Id*. at 3.

On June 18, 2025, Servant Health reached out to McWilliams regarding the default. *Id*. at 3. On June 20, 2025, McWilliams stated payments would be made "by the middle of next week at the latest without any disruption." *Id*. at 3. Per Servant Health, "[o]f course, payment did not come. Instead[,] another empty promise was made on June 25, 2025[,] that distribution would come 'tomorrow' and that it would be made promptly." *Id*. at 3.

As alleged, "McWilliams misrepresented the state of financial affairs during the April settlement conference." *Id*. at 3. Servant Health believed and relied on McWilliams' representation he simply had to move funds around to make the down payment when it agreed to the settlement. *Id*. at 3. If Servant Health believed McWilliams or McWilliams LLC could not make the initial down payment, it would not have agreed to the terms of the settlement. *Id*. at 3.

Under the terms of the Settlement and Release Agreement, if McWilliams LLC failed to pay or cure, the entire original unpaid balance of $1,222,187.54 became immediately due and payable. *Id*. at 3. In the event of a default, Servant Health is permitted to bring suit for breach in this Court, and McWilliams LLC expressly agreed and consented to the jurisdiction of this Court. *Id*. at 4. McWilliams LLC further agreed to the entry of an agreed judgment in the format attached to the Settlement Agreement. *Id*. at 4. McWilliams LLC has not made any payments and is therefore not entitled to any setoff or credit. *Id*. at 4.

In its Complaint, Servant Health asserts three causes of action: (1) breach of contract; (2) fraudulent inducement as to Defendant McWilliams; and (3) Negligent Misrepresentation as to Defendant McWilliams. *Id*. at 4–5.

## PROCEDURAL HISTORY

As the parties are aware from the Court's previous Orders, the Court has paid close attention to this case's procedural history. *See ECF Nos. 33, 49*. The Court again notes the procedural history here:

> On **July 1, 2025**, Servant Health filed its Complaint. *ECF No. 1*.
>
> On **September 9, 2025**, McWilliams filed his **first request** for an extension of time, on behalf of himself and McWilliams LLC, stating he "resides out-of-state and is in the process of securing legal counsel." *ECF No. 9 at 1*. The Court extended Defendants' deadline to file their answers/responses to Servant Health's Complaint to **October 23, 2025**. *ECF No. 10*.
>
> On **October 24, 2025**, Servant Health obtained a Clerk's Entry of Default as to both Defendants. *ECF No. 12*. Servant Health also filed its Motion for Default Judgment on this date. *ECF No. 13*.
>
> On **November 6, 2025**, the Court ordered Defendants to show cause by December 1, 2025, for failing to respond to Servant Health's Complaint and Motion for Default Judgment. *ECF No. 15*.
>
> On **December 1, 2025**, McWilliams filed a Response to Servant Health's Motion for Default Judgment, (*ECF No. 19*), an Answer to Servant Health's Complaint,

(*ECF No. 21*), and his **second request** for an extension of time, on behalf of McWilliams LLC, for McWilliams LLC to obtain counsel, (*ECF No. 20*).

On **December 9, 2025**, the Court set this matter for a status conference on December 16, 2025. *ECF No. 23*.

**On December 15, 2025**, McWilliams filed a Motion to Continue the Status Conference based on "serving as the primary caregiver of his father-in-law, who is undergoing active treatment for liver cancer." *ECF No. 24*. The Court granted the Motion to Continue the Status Conference and ordered McWilliams LLC to retain counsel no later than January 13, 2026. *ECF No. 25*.

On **January 13, 2026**, McWilliams filed an Advisory stating "McWilliams LLC is currently in final discussions with multiple prospective law firms concerning representation in this matter . . . Defendant anticipates that counsel will be retained and that a Notice of Appearance will be filed on or before January 26, 2026." *ECF No. 28*.

On **January 26, 2026**, McWilliams filed his **third request** for an extension of time, on behalf of McWilliams LLC, for McWilliams LLC to obtain counsel, (*ECF No. 29*). McWilliams requested an extension to February 9, 2026. *Id*. On February 3, 2026, the Court again generously extended the deadline to February 17, 2026. *See* Text Ord. Feb. 3, 2026.

On **February 9, 2026**, McWilliams filed an Advisory claiming his January 26, 2026, third request for extension of time to retain counsel "remains pending." *ECF No. 30 at 1*. Due to this inaccuracy, the Court directed the Clerk of Court to email a copy of the February 3, 2026, Text Order to McWilliams. *See ECF No. 31*.

On **February 20, 2026**, the Court denied Servant Health's Motion for Default Judgment. *ECF No 32*. The Court noted: "Though Servant [Health] may possibly be entitled to a default judgment, it would nevertheless be improper to enter judgment against Defendant McWilliams LLC at this time because there is another defendant, Defendant McWilliams, that filed an Answer, *(see ECF No. 21*), and Servant [Health] is requesting the defendants be held jointly and severally liable—at least as to some of its asserted causes of action." *Id*. at 2. The Court then re-referred this matter to Magistrate Judge Henry Bemporad "for a status conference to discuss the issue of McWilliams LLC obtaining counsel and the entry of a scheduling order to get this case moving." *ECF No. 33*.

On **April 1, 2026**, McWilliams filed an Advisory stating neither he nor McWilliams LLC had yet retained counsel. *ECF No. 39*.

On **April 6, 2026**, Judge Bemporad held a Status Conference. Min. Ent. Apr. 6, 2026. Per the Minute Entry, "[t]he Court heard from counsel as to the status of

McWilliams Collective, LLC's attempt to secure counsel. [] McWilliams represented that he had secured an attorney to begin representing himself and the LLC within the next 30 days. As such, the Court ordered that the new attorney make an appearance by May 1, 2026. *Id.*

On **May 1, 2026**, McWilliams filed an Advisory stating "[i]n light of the requirement that the LLC be represented by licensed counsel, Defendant respectfully requests a short, final extension of time, up to and including May 11, 2026, to complete retention of counsel and allow for counsel's appearance in this matter. **Defendant submits that this date reflects a firm, good-faith outer boundary for completion of engagement based on the current status of discussions with prospective counsel**." *ECF No. 42* (emphasis added). Judge Bemporad then set a Status Conference for July 9, 2026. *ECF No. 45*.

On **June 10, 2026**, Servant filed its Motion for Partial Summary Judgment. *ECF No. 46*.

On **July 9, 2026**, following the scheduled Status Conference, Judge Bemporad reported that Servant Health's counsel appeared, but neither McWilliams nor any attorney for McWilliams LLC appeared. Min. Ent. July 9, 2026. Thereafter, Judge Bemporad ordered Defendants to show cause on or before August 10, 2026, why they should not be sanctioned for their failure to appear on July 9, 2026, as ordered. *ECF No. 48*. Judge Bemporad continued "Defendant McWilliams Collective[] LLC, is admonished that any response to this Order must be made through counsel. And Defendant Eric McWilliams is admonished that failure to respond to this Order could lead to the reinstatement of the previous default against him." *Id.*

On **July 30, 2026**, the Court issued its Notice to Defendants, noticing McWilliams has been requesting extensions to retain counsel for almost eleven (11) months. *ECF No. 49*.

On **August 10, 2026**, McWilliams filed a Response to Judge Bemporad's Show Cause Order. *ECF No. 51*. In the Response, McWilliams reported he "was not aware that a status conference requiring his appearance had been scheduled for that date." *Id.* at 2. McWilliams also reported "[e]fforts to identify and engage appropriate federal litigation counsel for [McWilliams LLC] have continued . . . [and] anticipates being in a position to complete an engagement of counsel later this month." *Id.* at 3.

On **September 1, 2026**, Judge Bemporad issued an Order stating no sanctions will be imposed against McWilliams at this time and ordering McWiliams to respond to Servant's Motion for Partial Summary Judgment by September 15, 2026. *ECF No. 55*. On September 15, 2026, McWilliams filed a Response. *ECF No. 56*.

On **<u>September 15, 2026</u>**, McWilliams also filed a Motion to Withdraw or Amend Deemed Admissions. *ECF No. 57*. On October 5, 2026, Servant Health filed a Response. *ECF No. 60*.

## <u>LEGAL STANDARDS AND ANALYSIS</u>

The Court addresses the pending Motions before the Court in turn beginning with McWilliams' Motion to Withdraw or Amend Deemed Admissions, (*ECF No. 57*).

### I. McWilliams' Motion to Withdraw or Amend Deemed Admissions, (*ECF No. 57*)

In McWilliams' Motion to Withdraw or Amend Deemed Admissions, (*ECF No. 57*), McWilliams "respectfully moves pursuant to Federal Rule of Civil Procedure 36(b) for withdrawal or amendment of the admissions resulting from his failure to timely respond to Plaintiff Servant Health, LLC's Requests for Admission[s] served on April 20, 2026." *Id*. at 1.

Federal Rule of Civil Procedure 36 ("Rule 36") governs requests for admissions. Under Rule 36(a)(3), requests for admissions are deemed admitted if no written answer or objection is provided to the requesting party within 30 days after being served with the request.

Rule 36(b) provides the framework under which deemed admissions may be withdrawn: "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). The Court may permit withdrawal or amendment of an admission "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.*

The Fifth Circuit has held that "while the district court has considerable discretion over whether to permit withdrawal or amendment of admissions, that discretion must be exercised within the bounds of this two-part test: 1) the presentation of the merits must be subserved by allowing withdrawal or amendment; and 2) the party that obtained the admissions must not be

prejudiced in its presentation of the case by their withdrawal." *Am. Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1119 (5th Cir. 1991) (citations omitted).

Each party bears the burden of proof on one element of this two-part test. "The party making the admission bears the burden of showing that the presentation of the merits will be served; the party obtaining the admission bears the burden of establishing prejudice." *Luu v. Int'l Inv. Trade & Serv. Grp.*, No. 3:11-CV-00182, 2012 WL 2450773, at *2 (S.D. Tex. June 26, 2012) (citations omitted). With these general principles in place, the Court considers whether McWilliams should be permitted to withdraw the deemed admissions in this case.

**A. Servant Health's Requests for Admissions**

Servant Health's Requests for Admissions ("RFA") consist of the following:

1: Admit that You did not make the $50,000 down payment by June 12, 2025 required under the April 28, 2025 Settlement Agreement.

2: Admit that no payments required by the Settlement Agreement were made to Servant as of June 25, 2025.

3: Admit that You represented during the April 2025 settlement discussions that You could "move funds around" to make the $50,000 down payment.

4: Admit that at the time of the April 28, 2025 Settlement Agreement, You did not have sufficient liquid funds available to make the $50,000 down payment without relying on new receivables.

5: Admit that on June 20, 2025, You stated that a contract was delayed due to tariffs and that payments would be made by the middle of the following week.

6: Admit that such payments were not made by the middle of the following week.

7: Admit that You exercise decision-making authority over the timing and amount of Your compensation, draws, or distributions from McWilliams Collective.

8: Admit that during the Relevant Period, McWilliams Collective paid at least one of Your personal expenses.

9: Admit that during the Relevant Period, You transferred assets or funds valued at $5,000 or more to at least one Insider.

10: Admit that You used at least one Account titled in the name of McWilliams Collective to make a payment for a personal expense.

11: Admit that You used at least one Account titled in Your personal name to pay obligations of McWilliams Collective.

12: Admit that You did not maintain complete segregation between personal funds and McWilliams Collective funds during the Relevant Period.

13: Admit that You did not consistently document intercompany or owner related transactions between Yourself and McWilliams Collective with promissory notes or board/manager approvals.

14: Admit that, after receiving notice of default on or about June 18, 2025, You did not cure within three calendar days.

15: Admit that You consented to suit and enforcement in the Western District of Texas under the Settlement Agreement.

*ECF No. 46-2* at 12–13. The Court notes in McWilliams' Motion to Withdraw or Amend Deemed Admissions, (*ECF No. 57*), McWilliams admits to RFA numbers 1, 2, 5, 6, 7, 14, 15, and does not challenge them. *See id*. at 2–3. Accordingly, the following is deemed by the Court to be conclusively established:

1: Admit that You did not make the $50,000 down payment by June 12, 2025 required under the April 28, 2025 Settlement Agreement.

2: Admit that no payments required by the Settlement Agreement were made to Servant as of June 25, 2025.

5: Admit that on June 20, 2025, You stated that a contract was delayed due to tariffs and that payments would be made by the middle of the following week.

6: Admit that such payments were not made by the middle of the following week.

7: Admit that You exercise decision-making authority over the timing and amount of Your compensation, draws, or distributions from McWilliams Collective.

14: Admit that, after receiving notice of default on or about June 18, 2025, You did not cure within three calendar days.

15: Admit that You consented to suit and enforcement in the Western District of Texas under the Settlement Agreement.

*ECF No. 46-2* at 12–13. This leaves RFA Numbers 3, 4, 8, 9, 10, 11, 12, 13, challenged.

3: Admit that You represented during the April 2025 settlement discussions that You could "move funds around" to make the $50,000 down payment.

4: Admit that at the time of the April 28, 2025 Settlement Agreement, You did not have sufficient liquid funds available to make the $50,000 down payment without relying on new receivables.

8: Admit that during the Relevant Period, McWilliams Collective paid at least one of Your personal expenses.

9: Admit that during the Relevant Period, You transferred assets or funds valued at $5,000 or more to at least one Insider.

10: Admit that You used at least one Account titled in the name of McWilliams Collective to make a payment for a personal expense.

11: Admit that You used at least one Account titled in Your personal name to pay obligations of McWilliams Collective.

12: Admit that You did not maintain complete segregation between personal funds and McWilliams Collective funds during the Relevant Period.

13: Admit that You did not consistently document intercompany or owner related transactions between Yourself and McWilliams Collective with promissory notes or board/manager approvals.

*Id.*

## B. Parties' Arguments

### 1. Service to Presentation of Case on the Merits

The Court first addresses whether the first prong of Rule 36(b)'s two-factor test has been satisfied, that is whether McWilliams demonstrates the presentation of the merits will be subserved by allowing withdrawal or amendment. *Le v. Cheesecake Factory Restaurants Inc.*, No. 06-20006, 2007 WL 715260, at *2 (5th Cir. Mar. 6, 2007). In this regard, McWilliams states:

> Permitting withdrawal or amendment here would promote resolution of significant issues on their merits. Plaintiff seeks to use the deemed admissions to establish fraud and impose substantial individual liability upon McWilliams for an obligation arising from an agreement executed by McWilliams Collective, LLC. The disputed matters therefore go directly to central issues in Plaintiff's claims against McWilliams individually.

*ECF No. 57* at 2. Servant Health responds:

> The disputed Requests (Nos. 3, 4, and 8–13) concern McWilliams's own finances: whether the LLC paid his personal expenses, whether he moved funds between personal and company accounts, whether he transferred money to insiders, and whether those transactions were documented. That information is primarily within McWilliams's possession and control. Servant asked for it through Interrogatories and Requests for Production served the same day as the Requests for Admission, and McWilliams has never answered them. The Motion therefore asks the Court to replace conclusive admissions with McWilliams's own after-the-fact declaration, while the documents that would test that declaration remain withheld. That does not present the merits; it insulates McWilliams from them.

*ECF No. 60* at 5.

In determining whether withdrawal would serve the presentation of the case on the merits, "a court should consider whether refusing to permit withdrawal or amendment would have the practical effect of eliminating any presentation of the merits of the case, whether the admission is contrary to the record of the case, whether the admission is no longer true because of changed circumstances, and whether a party has made an honest error." *Kingman Holdings, LLC v. Bank of Am., N.A.*, No. 5:15-CV-00056-DAE, 2015 WL 11661768, at *1 (W.D. Tex. Sept. 21, 2015) (Ezra, J.) (citing *Powerhouse Productions, Inc. v. Widgery*, No. 2008 WL

4331480, at *2 (E.D. Tex. Sept. 17, 2008) (citing *Le v. Cheesecake Factory Restaurants, Inc.*, No. 06-20006, 2007 WL 715260, at *2 (5th Cir. Mar. 6, 2007)).

In Servant Health's Motion for Partial Summary Judgment against Defendant McWilliams, (*ECF No. 46*), it relies on McWilliams' admissions to prove its breach of contract and fraudulent inducement causes of action. Relying on these admissions would essentially dictate the outcome of the partial summary judgment motion and would preclude McWilliams from presenting any real argument on the merits. Thus, withdrawing the deemed admissions would promote presentation of the case on the merits. *Kingman*, 2015 WL 11661768, at *2 (citing *Mendez v. Joeris Gen. Contractors, Ltd.*, No. 5:12-CV-00608, 2013 WL 3153982, at *3 (W.D. Tex. June 18, 2013)).

**2. Prejudice to Servant Health**

The Court next addresses whether the second prong of Rule 36(b)'s two-factor test has been satisfied, that is whether Servant Health demonstrates it will be prejudiced by the withdrawal. *Le*, 2007 WL 715260, at *2. In this regard, McWilliams states:

> Withdrawal or amendment would not eliminate Plaintiff's claims or prevent Plaintiff from presenting evidence supporting them. Plaintiff would remain able to prove its claims through admissible evidence and to challenge McWilliams's factual positions in the ordinary course. The requested relief would instead permit genuinely disputed issues to be decided upon their merits rather than solely from the procedural consequence of unanswered Requests for Admission[s].

*ECF No. 57* at 2. Servant Health responds:

> 20. Discovery closed on July 13, 2026, and the dispositive-motion deadline passed on August 10, 2026. (ECF No. 41.) Servant relied on the admissions, which conclusively established the commingling, insider-transfer, and documentation facts, rather than spending the remaining discovery period on a motion to compel, third-party subpoenas for McWilliams's and the LLC's bank records, and a deposition.
>
> 21. Withdrawal now would leave Servant facing exactly the "sudden need to obtain evidence" that *AAA Legal Clinic*, 930 F.2d at 1120, describes: Servant

> would have to reopen discovery, compel responses McWilliams has never provided, subpoena financial institutions, depose McWilliams, and re-brief summary judgment, all in a case now fifteen months old. That is not merely the burden of proving its case; it is the loss of the discovery period McWilliams let expire.
>
> 22. McWilliams's lack of diligence compounds the prejudice. In *Le*, the Fifth Circuit affirmed denial of withdrawal where the movants, after being alerted that they had not answered one request, waited nearly five months to seek its withdrawal, moved just two days before the close of discovery, "offered no explanation for their delay," and again failed to show that withdrawal would serve the presentation of the merits. *Le*, 2007 WL 715260, at *3. McWilliams's record is worse. He waited nearly four months after his responses were due, more than three months after Servant moved for summary judgment, and two months after discovery closed. He offers no explanation for that delay. (ECF No. 57 ¶ 11.) Servant does not discount the personal circumstances McWilliams described in May. But he told counsel he was back and would serve his responses that week, and he then let four months pass without serving anything.

*ECF No. 60* at 5.

Prejudice may occur where a party faces "special difficulties . . . caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Kingman*, 2015 WL 11661768, at *2 (citing *Am. Auto. Ass'n, Inc., v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991)). However, "[t]he prejudice to the party opposing withdrawal . . . goes beyond merely increased expense and having to prove matters previously deemed admitted." *Id*. (citing *Powerhouse Productions*, 2008 WL 4331480, at *2 (citing *Le*, 2007 WL 714260, at *3)). Courts may also consider "the timing of the motion for withdrawal as it relates to the diligence of the party seeking withdrawal." *Id*. (citing *Le*, 2007 WL 714260, at *3).

The Court agrees that McWilliams did not move to withdraw the admissions in a reasonably timely manner. **McWilliams provides no explanation whatsoever for the lengthy delay in filing his Motion to Withdraw or Amend Deemed Admissions, (*ECF No. 57*)**. McWilliams' responses were due May 20, 2026. Fed. R. Civ. P. 36(a)(3). On May 22, 2026, Servant Health informed McWilliams his responses had not been received. *See ECF No. 60* at 3.

McWilliams "received the discovery but did not timely serve responses. He does not dispute that procedural fact." *ECF No. 57* at 1. On June 10, 2026, Servant Health filed its Motion for Partial Summary Judgment against Defendant McWilliams, (*ECF No. 46*). The deadline to conduct discovery expired July 13, 2026. *ECF No. 41*. McWilliams did not file his Motion to Withdraw or Amend Deemed Admissions, (*ECF No. 57*), until September 15, 2016. Even now, in reviewing McWilliams' Motion, McWilliams provides no reasoning for his delay.

Sister district courts have found prejudice under Rule 36(b) where the discovery deadline has passed and the party opposing withdrawal is left without an opportunity to conduct additional discovery under the scheduling order.[1] Further where, like here, both the discovery *and* dispositive motion deadlines have passed, "[t]he Fifth Circuit has found such circumstances to be sufficient grounds for denying a request to withdraw admissions."[2] Servant Health is left with no opportunity to conduct additional discovery under the Scheduling Order, (*ECF No. 41*), put in place by Judge Bemporad. McWilliams' failure to promptly seek relief, which the Court now addresses, deprived Servant Health of the time and opportunity to reassess its discovery needs.

The Court emphasizes that even if both prongs of the Rule 36(b) test had been met, the Court would still use its discretion to deny McWilliams' Motion because of the lack of diligence displayed by McWilliams in this matter. *See In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001)

---

[1] *Kingman*, 2015 WL 11661768, at *2 (citing *Curtis v. State Farm Lloyds*, No. 4:03-CV-01025, 2004 WL 1621700, at *6 (S.D. Tex. 2004); *Laitram Machinery, Inc. v. Carnitech A/S*, No. 2:92-CV-03841, 1996 WL 99352, at *2 (E.D. La. Mar. 6, 1996)); *Wareka v. JW Sanders PLLC*, No. 1:23-CV-00246, 2024 WL 874142, at *2 (W.D. Tex. Feb. 29, 2024) (citing *Kingman*, 2015 WL 11661768, at *2; *Onosode v. Equifax Info. Servs., LLC*, No. 4:20-CV-00951, 2022 WL 19380561, at *5 (E.D. Tex. July 21, 2022) (collecting cases) ("Defendant relied on the deemed admissions in making discovery decisions, which is sufficient to show prejudice where Plaintiff seeks relief too late for additional discovery."); *Singh v. Wal-Mart Stores, Inc.*, No. 1:17-CV-01120, 2020 WL 13660317, at *6 (W.D. Tex. June 10, 2020) (finding no prejudice when "the absence of a scheduling order in this case leaves an adequate amount of time for parties to pursue discovery before trial")).

[2] *See Hoffman v. Bailey*, No. 2:12-CV-05153, 2017 WL 6264033, at *6 (E.D. La. May 12, 2017) (citing *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 244 (5th Cir. 2014)); *Le*, 2007 WL 715260, at *3 (finding no abuse of discretion where the court denied relief given the plaintiff "moved for withdrawal just two days before the close of discovery"); *cf. Republic Title of Tex., Inc. v. First Republic Title, LLC*, No. 3:14-CV-03848, 2015 WL 3755060, at *6 (N.D. Tex. June 16, 2015) (permitting withdrawal where eight months remained before the close of discovery).

(holding that even if both prongs of the Rule 36(b) test are met, district courts may, in their discretion, deny a motion to withdraw an admission). As detailed in the procedural history listed above, the Undersigned and Judge Bemporad have provided McWilliams with extreme leniency, on multiple occasions, throughout these proceedings.[3] This case has been pending for almost fifteen months and is essentially at the same point it was on the day of its commencement.

Servant Health is entitled to rely on the binding effect of the admissions; otherwise, Rule 36 is rendered meaningless. Thus, because the Court finds that Servant Health would be prejudiced by withdrawing the admissions, and in the Court's discretion, the Court will deny McWilliams' Motion to Withdraw or Amend Deemed Admissions, (*ECF No. 57*).

## II. Servant Health's Motion for Partial Summary Judgment against Defendant McWilliams, (*ECF No. 46*).

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[4] The moving party bears the initial burden of informing the Court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex,* 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006).

### A. Inconsistency Between Complaint and Partial Motion for Summary Judgment

[3] Appearing *pro se* is not a license to avoid deadlines or to disregard the rules of civil procedure. *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. Nov. 1981).
[4] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

Servant Health moves for partial summary judgment on its breach of contract and fraudulent inducement causes of action. *ECF No. 46* at 5–9. The Court notices an inconsistency, however, in Servant Health's Complaint and the Motion. *Compare ECF No. 1 and ECF No. 46*.

In Servant Health's Complaint, it asserts three causes of action:

(1) **COUNT 1 - BREACH OF CONTRACT**;

(2) **COUNT II - FRADULENT INDUCEMENT AS TO DEFENDANT ERIC MCWILLIAMS**; and

(3) **COUNT III - NEGLIGENT MISREPRESENTATION AS TO DEFENDANT ERIC MCWILLIAMS.**

*ECF No. 1* at 4–5. Therefore, it appears Servant Health does not assert its breach of contract cause of action against McWilliams but against McWilliams LLC only. Servant Health includes no reference to McWilliams as it relates to the breach of contract cause of action. *Id*. Thus, the Court will deny Servant Health's Motion to the extent Servant Health moves for summary judgment on the breach of contract cause of action against McWilliams. This inconsistency, however, could be due to the fact Servant Health fails to present sufficient briefing on the issue of individual liability and vicarious liability, or veil piercing—described immediately below.

**B. Individual Liability and Vicarious Liability, or Veil Piercing**

At present, Servant Health's Motion for Partial Summary Judgment against Defendant McWilliams, (*ECF No. 46*), fails to present sufficient briefing. The Fifth Circuit has explained adequate briefing requires the moving party to "identify relevant legal standards and 'any relevant Fifth Circuit cases.'" *JTB Tools & Oilfield Servs., L.L.C. v. United States*, 831 F.3d 597, 601 (5th Cir. 2016) (quotation omitted). While Servant Health provides some legal authority, it is minimal. It is Servant Health's burden as movant to show that it is entitled to judgment as a matter of law.

Regarding its breach of contract cause of action, the Court observes Servant Health appears to be pursuing a liability theory against McWilliams akin to "vicarious"[5] liability, based on veil piercing,[6] citing Tex. Bus. Org. Code §§ 21.223(b), 21.224. *ECF No. 46*. At the same time, as to its fraudulent inducement cause of action, Servant Health appears to be pursuing a liability theory against McWilliams based on individual liability. *Id*. In its Complaint, Servant Health is not seeking any separate damages on the basis of these causes of action, [7] only "the amount that remains due to [Servant Health] under the terms of the default language of the contract" and "attorney's fees and costs for enforcement." *ECF No. 1*.

Research by the Court results in copious caselaw, from the United States Fifth Circuit Court of Appeals, United States District Courts, the Texas Supreme Court, and Texas Courts of Appeal, on these issues.[8] The Court will not assist Servant Health in carrying its burden as movant to show that it is entitled to judgment as a matter of law or in presenting its arguments with clarity.[9] As stated above, while Servant Health provides some legal authority, it is minimal. Servant Health cites two cases for general propositions, amounting to little more than a recitation of elements. *See ECF No. 46* at 6–7.Servant Health does not address with specificity the viability of its dual claims against McWilliams on the basis of "vicarious" liability, based on veil

---

[5] *Keyes v. Weller*, 692 S.W.3d 274, 279 (Tex. 2024).

[6] There are "seven theories for disregarding the corporate form, commonly referred to as 'piercing the corporate veil.'" Introduction, O'Connor's Texas Causes of Action Ch. 38 F Introduction (2027 ed.). Servant Health does not state which of the seven it pursues here. *ECF No. 46*.

[7] Although, the Court acknowledges Servant Health apparently also seeks exemplary damages.

[8] *Keyes v. Weller*, 692 S.W.3d 274 (Tex. 2024); *Holland v. CryptoZoo Inc.*, No. 1:23-CV-00110, 2025 WL 2492970 (W.D. Tex. Aug. 14, 2025), *R. & R. adopted*, No. 1:23-CV-00110, 2025 WL 3028689 (W.D. Tex. Oct. 29, 2025); *Bates Energy Oil & Gas v. Complete Oilfield Services*, 361 F. Supp. 3d 633 (W.D. Tex. 2019); *Kingston v. Helm*, 82 S.W.3d 755 (Tex. App.—Corpus Christi 2002).

[9] *See, e.g.*, *United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020) ("[A]s a general rule our system 'is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.'" (second alteration in original) (quoting *Castro v. United States*, 540 U.S. 375, 386 (2003) (Scalia, J., concurring in part and concurring in the judgment))); *Schneider v. Kissinger*, 412 F.3d 190, 200 n.1 (D.C. Cir. 2005) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones . . . . [A] litigant has an obligation to spell out its arguments squarely and directly . . . . ").

piercing,[10] and individual liability. Whether one is plead in the alternative, or only to obtain exemplary damages, is not entirely clear. These distinct legal theories have implications, however, which Servant Health does not address. They affect the applicability of the attorney's fees clause contained in the Settlement and Release Agreement and whether liability is joint and several. Servant Health also does not address the economic loss rule, considering it is pursuing contractual and non-contractual causes of action, or any potential for double recovery, considering the "One Satisfaction Rule," and overlapping of damages with McWilliams LLC—which is currently in default.

For these reasons, the Court will also deny without prejudice to refiling Servant Health's Motion for Partial Summary Judgment against Defendant McWilliams, (*ECF No. 46)*.

## CONCLUSION

For the reasons stated above, the Court **DENIES** McWilliams' Motion to Withdraw or Amend Deemed Admissions, (*ECF No. 57*), and **DENIES WITHOUT PREJUDICE** Servant Health's Motion for Partial Summary Judgment against Defendant McWilliams, (*ECF No. 46)*. Servant Health shall refile its motion for partial summary judgment, should it choose to do so, **no later than December 2, 2026**. McWilliams shall file a response, if any, **no later than December 16, 2026**. Servant Health shall file a reply, if any, **no later than December 23, 2026**.

**The Clerk of Court is DIRECTED to mail, via certified mail with return receipt requested, a copy of this Order to:**

1) McWilliams Collective, LLC c/o Eric McWilliams, 176 Midway Park Drive, St. Augustine, FL 32084; and

2) Eric McWilliams, 176 Midway Park Drive, St. Augustine, FL 32084

**The Clerk of Court is FURTHER DIRECTED to email a copy of this Order to:**

[10] *Belliveau v. Barco, Inc.*, 987 F.3d 122, 129 (5th Cir. 2021) (discussing standards for piercing the corporate veil).

1) Eric.mcwilliams@mcwilliamscollective.co

It is **SO ORDERED**.
SIGNED this 16th day of November, 2026.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE